Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed
July 10, 2008








 

Petition
for Writ of Mandamus Dismissed and Memorandum Opinion filed July 10, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00421-CV

____________

 

IN RE BRUCE R. HOTZE, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N








On May
21, 2008, relator, Bruce R. Hotze, filed a petition for writ of
mandamus in this court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); Tex. Elec.
Code Ann. ' 273.061 (Vernon 2003); see also Tex. R. App. P. 52.  In the
petition, relator requests this court to compel respondents[1]
to perform their purported ministerial duties under Article VI-a, Section 7,
Subsection 2 of the City of Houston Charter by requiring that they furnish
written verification that the budget complies with claimed requirements of
Article VI-a, Section 7, Subsection 1 of the Charter.  Relator also requests
that this court compel respondents to furnish written verification from the
City=s independent accountants that the
City complied during such complete fiscal year with Article VI-a, Section 7,
Subsection 1 of the Charter or specify the amount of noncompliance, as required
by Article VI-a, Section 7, Subsection 2 of the Charter.  We dismiss relator=s petition. 

                                                               Background

On
November 2, 2004, registered voters of the City of Houston approved AProposition 2,@ which related to limits on all
combined city revenues.  Relator complains that although Proposition 2 has been
certified and added to the Charter, respondents have not complied with the
Charter by obtaining verification from the City=s outside accountants that the City=s spending and revenue limits for the
City=s fiscal years ending in 2006 and
2007 are in compliance.  

                                                                   Standing

Before
we can reach the merits of relator=s petition, we first must determine
whether relator has standing to bring this original proceeding.  Relator
asserts he has standing under Section 273.061 of the Texas Election Code[2]
and, alternatively, as a taxpayer entitled to enjoin alleged illegal funding. 

                                            Section
273.061 of the Election Code

Section
273.061 of the Election Code provides for mandamus relief under the following circumstances:








The supreme court or a court of
appeals may issue a writ of mandamus to compel the performance of any duty
imposed by law in connection with the holding of an election or a
political party convention, regardless of whether the person responsible for
performing the duty is a public officer. 

Tex. Elec. Code Ann. ' 273.061 (emphasis added).  

To have
standing, a party must demonstrate that he Apossesses an interest in a conflict
distinct from that of the general public, such that the defendant=s actions have caused the plaintiff
some particular injury.@  Williams v. Lara, 52 S.W.3d 171, 178 (Tex. 2001). 
Signers of an initiative petition have an interest in an election distinct from
that of the general public.  See Blum v. Lanier, 997 S.W.2d 259, 262
(Tex. 1999) (holding that Athose qualified voters who sign the petition have a
justiciable interest in the valid execution of the charter amendment election,
. . . and as such have an interest in that election distinct from that of the
general public@); Glass v. Smith, 150 Tex. 632, 244 S.W.2d 645, 648 (1951)
(finding that signers of initiative petition were entitled to mandamus relief
to compel city officials to call and hold election for approval or rejection of
ordinance).  Relator contends, under Blum and Glass, that he has
standing because, in addition to signing the petition, he (1) helped organize a
petition drive for Proposition 2; (2) helped draft the final wording of the
referendum petition, and underwrote that effort; (3) worked on the ALet the People Vote@ and AVote Yes on Prop 2@ campaigns to ensure passage of Proposition
2; (4) was a substantial contributor in the AVote Yes on Prop 2@ campaign; (5) was a leader in the AVote Yes on Prop 2@ advertisement campaign; and (6)
voted in favor of Proposition 2.  








Relator
relies on In re Robinson, which also involved Proposition 2, as support
for his position that he has standing to bring this original proceeding.  175
S.W.3d 824 (Tex. App.CHouston [1st Dist.] 2005, orig. proceeding).  In Robinson,
relator, along with Carroll G. Robinson and Jeffrey N. Daily, complained that
(1) the mayor had failed to comply with his ministerial duty to certify to the
secretary of state authenticated copies of the amendments that they had been
approved by the voters of the municipality; and (2) the City Council had failed
to comply with its ministerial duty to enter an order in the records of the
City declaring that the amendments were adopted.  Id. at 827.  The court
of appeals determined that the relators were challenging the process of the
election under section 273.061 of the Election Code, i.e., the City=s refusal to see that the results of
the election are certified to the secretary of state and recorded in the City=s records so that they might become
effective.  Id. at 828.  Therefore, the court concluded that the
relators had a particular interest in seeking to have a proposition that they
sponsored enacted as law once it was adopted by the citizens of the city in a
referendum election.  Id.  

We find
relator=s reliance on Robinson in this
proceeding misplaced.  Instead, we believe our recent opinion in White v.
Robinson, also involving Proposition 2, is instructive to the facts in this
proceeding, although relator fails to cite to it.  No. 14-06-00167-CV, 2008 WL
878516 (Tex. App.CHouston [14th Dist.] Apr. 3, 2008, no pet. h.).  In White,
relator, along with Carroll G. Robinson and Jeffrey N. Daily, sought a
declaratory judgment that Proposition 2 is valid and must be enforced.  Id.
at *1.  In the November 2004 election, Proposition 1, which pertained to limits
on annual increases in city property taxes and utility rates, was placed on the
ballot pursuant to the City=s motion in addition to citizen-initiated Proposition 2 at
issue here.  Id.

Both
Proposition 1 and Proposition 2 were passed by a majority of the votes cast,
with Proposition 1 receiving more favorable votes than Proposition 2.  Id.
at *2.  After the election, the City determined that Proposition 1 is legally
binding, but that Proposition 2 would not be enforced because (1) of the Apoison pill@ provision in Proposition 1 providing
that if Proposition 1 received more favorable votes than Aanother proposition for a Charter
amendment relating to limitations on increases in City revenues@ in the same election, then
Proposition 1 would prevail and the other proposition would not become
effective; and (2) Proposition 1 and Proposition 2 are inconsistent.  Id.
at *2.  








The
appellees in White sought standing by virtue of the same activities that
relator claims support his standing in this original proceeding.  Id. at
*4.  This court addressed whether these activities were sufficient to confer
standing to challenge the City=s interpretation of, and refusal to enforce, Proposition 2.  Id.
at *4.  The court observed that a referendum sponsor=s standing is limited to challenging
the election process, but does not extend to protecting the results from
subsequent change.  Id. at *6 (citing Brown v. Todd, 53 S.W.3d
297, 302B04 (Tex. 2001)).  Because the
appellees claimed that the City=s interpretation and implementation of the election results
were inaccurate and illegal, the court determined that the appellees= claim had Amoved beyond the election process.@  Id.  Therefore, because
Proposition 2 was submitted to, and adopted by, the voters, and such adoption
was reflected in the City records, the appellees had not alleged any distinct
injury by virtue of their sponsorship activities, but, instead, were essentially
equal to all other persons who had voted for Proposition 2 and wished to ensure
its subsequent enforcement.  Id. at *7.  

As in White,
the relief relator seeks here, i.e., the implementation and enforcement of
Proposition 2, goes beyond the election process.  That is, relator seeks to
compel respondents to perform duties that are not Ain connection with the holding of an
election . . .@  Tex. Elec. Code Ann. ' 273.061.  Therefore, we hold that relator does not have
standing under section 273.061 of the Election Code necessary to maintain this
original proceeding.

                                            Alleged
Illegal Expenditure of Funds








Relator
also claims that he has standing as a taxpayer to enjoin alleged illegal
expenditures and require the City to comply with its ministerial duty to
certify the illegal expenditures.  See Williams, 52 S.W.3d at 179
(stating taxpayer may sue to enjoin illegal expenditure of public funds upon a
showing that (1) plaintiff is a taxpayer, and (2) public funds are expended on
allegedly illegal activity).  However, relator=s standing argument does not address
our jurisdiction over this original proceeding.  Our general authority to issue
writs of mandamus, under Section 22.221 of the Texas Government Code, is
limited to district and county courts or to enforce our jurisdiction.  See
Tex. Gov=t Code Ann. ' 22.221.  This original proceeding
does not seek to compel an action by a district or county court or to enforce
this court=s jurisdiction.  

                                                                Conclusion

Accordingly,
we dismiss relator=s petition for writ of mandamus for lack of jurisdiction.  

 

PER CURIAM

 

Petition Dismissed and Memorandum
Opinion filed July 10, 2008.

Panel consists of Justices Frost,
Seymore, and Guzman.









            [1]  The named
respondents are the City of Houston, Mayor Bill White, Controller Annise
Parker, and City Council members Peter Brown, Sue Lovell, Melissa Noriega,
Ronald C. Green, Jolanda Jones, Toni Lawrence, Jarvis Johnson, Anne
Clutterbuck, Wanda Adams, Mike Sullivan, M.J. Kahn, Pam Holm, Adrian Garcia,
and James G. Rodriguez. 





            [2]  Tex. Elec. Code
Ann. ' 273.061 (Vernon 2003).